JS - 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH FORREST,<br><br>        Plaintiff,<br><br>        v.<br><br>BANK OF AMERICA, et al.,<br><br>        Defendants. | Case No. CV 25-0461 FMO (SSCx)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

    Plaintiff filed his complaint on January 17, 2025 (Dkt. 1). By order dated April 7, 2025, plaintiff was ordered to show cause, on or before April 14, 2025, why this action should not be dismissed for plaintiff's failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. (See Dkt. 16, Court's Order of April 7, 2025). Plaintiff was admonished that "[f]ailure to file a timely response to th[e] Order to Show Cause shall result in the action . . . being dismissed for lack of prosecution and for failure to comply with the orders of the court." (Id.) (citing Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)). As of the date of this Order, plaintiff has not responded to the Order to Show Cause nor filed proofs of service of the summons and complaint on any defendant. (See, generally, Dkt.).

Rule 4(m) of the Federal Rules of Civil Procedure[1] provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]"  In addition, a district court's authority to dismiss a litigant's claims for failure to prosecute or to comply with court orders is well-established.  See Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629, 82 S.Ct. at 1388 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  Link, 370 U.S. at 629-30, 82 S.Ct at 1388.

In determining whether to dismiss plaintiff's action pursuant to Rule 41(b), the court considers the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply.").  "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion."  Ferdik, 963 F.2d at 1261.

Pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Pagtalunan, supra, dismissal of this action without prejudice for failure to effect service within the specified time and comply with the Court's Order to Show Cause issued on April 7, 2025 (Dkt. 16), is appropriate.

---

[1] All further "Rule" references are to the Federal Rules of Civil Procedure.

1  Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action,
2  without prejudice, for failure to effect service and comply with the orders of this Court.
3  Dated this 21st day of April, 2025.

/s/
Fernando M. Olguin
United States District Judge